IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CR-139-1BO
NO. 7:11-CV-266-BO

| | | |
|---|---|---|
| GARY DEAN MATHIS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 [DE 30]. For the reasons discussed below, Petitioner's

Motion is granted.

## BACKGROUND

On February 11, 2010, Petitioner pleaded guilty pursuant to a plea agreement to one count

of possession with intent to distribute fifty grams or more of cocaine base in violation of 21

U.S.C. § 841(a)(1). Petitioner was sentenced to a term of imprisonment of 160 months on June

18, 2010. Petitioner did not appeal. Petitioner filed the instant § 2255 motion on December 16,

2011, to which the government responded on January 24, 2012.

## DISCUSSION

Petitioner's § 2255 motion contends that his 160 month sentence is based on the Court's

determination that Petitioner was subject to the career offender enhancement pursuant to

U.S.S.G. 4B1.1. If not for the career offender enhancement, Petitioner's offense level under the

advisory sentencing guidelines would have been 32. Petitioner argues that each of the prior

convictions relied upon to apply the career offender enhancement now no longer qualify as

felony convictions in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and that Petitioner's sentence should be modified accordingly.

The government contends that Petitioner's § 2255 motion is untimely as it was filed more than one year from the date on which Petitioner's judgment became final. 28 U.S.C. § 2255(f)(1). Further, the government contends that Petitioner's motion remains untimely even if considered under the timing provisions of § 2255(f)(3), which provide that a petitioner has one year from the date on which the right asserted was recognized by the Supreme Court if that right has been made retroactively applicable on collateral review. The right upon which Petitioner's motion is based was first recognized by the Supreme Court in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). Finally, the government contends that even if Petitioner's claim is not time-barred, Petitioner in his plea agreement waived his right to contest his sentence in a post-conviction motion.

## I. *Carachuri-Rosendo v. Holder* Is Retroactively Applicable On Collateral Review

In *Carachuri-Rosendo v. Holder*, the United States Supreme Court created a new rule that is retroactively applicable on collateral review. A rule is new if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(internal citation omitted). When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 494 (1990). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does

2

not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 542

U.S. at 352 (internal citation and quotation marks omitted).

In *Carachuri*, the Court created a new substantive rule that held that the term "aggravated

felony" in the INA no longer included state offenses that, though they could have been enhanced

by a federal recidivist provision had they been federally charged, were not, in fact, so charged or

enhanced. *Carachuri-Rosendo*, 130 S. Ct. at 2589. Therefore, going forward, a district court can

only consider a penalty enhanced by a recidivism statute "when the [recidivist] finding is a part

of the record of conviction." *Id.* at 2587 n.12. If that finding is not a part of the record of

conviction, *Carachuri* holds that an individual has "not been convicted of a felony punishable

under the Controlled Substances Act," and he remains eligible for cancellation of removal or

waiver of inadmissibility under 8 U.S.C. § 1229b(a). *Id.* at 2589-90. In other words, the Court

narrowed the scope of the INA by interpreting the term "aggravated felony" in 8 U.S.C. §

1229b(a) to decriminalize certain individuals who would otherwise have been aggravated felons

under the INA–it altered the "the class of persons that the law punishes." *See Schriro*, 542 U.S.

at 353; *United States v. Halstead*, 634 F.3d 270, 274 (4th Cir. 2011).

Because this Court holds that *Carachuri* is retroactively applicable to cases on collateral

review, Petitioner was statutorily entitled to file his petition within one year after the Supreme

Court decided *Carachuri*–by June 14, 2011.

## II. *United States v. Simmons* Reinterpreted *Carachuri-Rosendo v. Holder* To An Extent That Requires Application of Equitable Tolling

The Supreme Court has held that a petitioner is entitled to equitable tolling if (1) he has

been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance

3

prevented him from timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## A. Petitioner Has Pursued His Rights With Reasonable Diligence

Petitioner has demonstrated reasonable diligence. Petitioner filed an objection to the use of two of his predicate convictions, located at ¶¶ 9 and 10 of the presentence report, to qualify him as a career offender because Petitioner could not have received a sentence of more than twelve months imprisonment on those convictions. Petitioner contends that he did not appeal the issue because his plea agreement contained an appeal waiver and, at that time, controlling Fourth Circuit law dictated that the prior felonies at issue would be applicable to the career offender enhancement. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005).

Further, although ignorance of the law, even in the case of an unrepresented prisoner, is not a basis for equitable tolling, *see Sosa*, 364 F.3d at 512, Petitioner has pursued his rights diligently by attempting to obtain review in his case within a short period after it became clear that his case was affected by *Simmons*. Courts have held that opinions of the circuit court overruling prior circuit law can satisfy the "extraordinary circumstance" requirement. *See Burns v. Prudden*, 588 F.3d 1148, 1151 (8th Cir. 2009)(noting that the State failed to cite any authority for the proposition that "courts should demand pro se petitioners to anticipate that a court will overrule established law"). Petitioner filed his § 2255 motion within four months of the en banc decision in *Simmons*. Petitioner has exhibited the requisite diligence to satisfy the *Holland* test.

4

**B. The Fourth Circuit's En Banc Opinion in *Simmons* Was An Extraordinary**
**Circumstance Beyond Petitioner's Control That Prevented Him From Filing On Time**

In this case, controlling Fourth Circuit precedent until the date the *Simmons* en banc
opinion was issued–on August 17, 2011–provides the necessary "extraordinary circumstance"
required to justify equitable tolling. In order to understand the extraordinary nature of the change
in law effectuated by *Simmons*, it is instructive to review the procedural history of the relevant
cases.

Jason Simmons pleaded guilty to drug trafficking in federal court and was subjected to a
sentencing enhancement under the Controlled Substances Act because the district court found
that his prior state conviction for marijuana possession was for an offense "punishable by
imprisonment for more than one year." The Fourth Circuit affirmed in an unpublished opinion.
*United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009) ("Panel I"). The Supreme Court
vacated that judgment and remanded the case to the Fourth Circuit for "further consideration in
light of *Carachuri-Rosendo v. Holder*." 130 S. Ct. 3455. A panel of the Fourth Circuit held that
*Carachuri* did not require a change in the previous holding. *United States v. Simmons*, 635 F.3d
140 (4th Cir. 2011) ("Panel II"). However, the Fourth Circuit voted to rehear the case en banc,
and in a published opinion, the court of appeals vacated Mr. Simmons's sentence in light of
*Carachuri*, holding that the opinion of the Supreme Court "clearly forelcose[d] reliance on
*Harp*[1]." *Simmons*, 649 F.3d at 247.

---

[1]In *United States v. Harp*, the Fourth Circuit had held that "to determine whether a
conviction is for a crime punishable by a prison term exceeding one year...we consider the
maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the
worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005) (internal citation omitted).

5

*Carachuri* was an immigration case in which the Supreme Court was faced with the question of whether Mr. Carachuri-Rosendo was eligible to seek cancellation of removal or waiver of inadmissability. *Carachuri-Rosendo*, 130 S. Ct. at 2580. To answer that question, the Court first had to determine whether he had been convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3), which would bar that relief. An "aggravated felony" under the INA includes, *inter alia*, felonies punishable under the Controlled Substances Act for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a). Recidivist simple possession is punishable by up to two years of imprisonment, but "requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. 21 U.S.C. §§ 844(a), 851(a)(1). Because Mr. Carachuri-Rosendo had been convicted of a state simple possession offense that, though it could have been charged in federal court as a felony, was not, the Court held that he had not been convicted of an aggravated felony. In so doing, the Court rejected the approach that would have allowed "hypothetical conduct" proscribed by a state statute to demonstrate that an individual could have been prosecuted for a felony in federal court. It held that

> the defendant must have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.

*Carachuri-Rosendo*, 130 S. Ct. at 2589 (quoting 8 U.S.C. § 1229b(a)(3)).

Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo* to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a

6

sentence of imprisonment in excess of one year. 649 F.3d at 249. Under North Carolina's structured sentencing regime, felony sentences are contingent on the designated "class of offense" and the offender's "prior record level," which are each established by statute. N.C. Gen. Stat. §15A-1340.13(b). Once these two factors have been established, the sentencing judge matches the factors to a statutory table, which provides a presumptive range, a mitigated range, and an aggravated range. N.C. Gen. Stat. §15A-1340.17(c). The presumptive range governs the sentencing unless the judge makes written findings that justify a departure to the aggravated or mitigated range. N.C. Gen. Stat. §§15A-1340.13(e); 15A-1340.16(c). Once the appropriate range has been determined, the defendant's minimum sentence must fit within that range. In *Simmons*, the Fourth Circuit held that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (2010)).

The Fourth Circuit, sitting en banc, felt that *Carachuri*'s holding that the "actual recidivist finding...must be part of a particular defendant's record of conviction for the conviction to qualify as a felony," compelled its result in *Simmons*. *Simmons* , 649 F.3d at 244 (citing *United States v. Haltiwanger*, 637 F.3d 881, 884 (8th Cir. 2011)). However, a § 2255 petitioner would have had no notice that the law applicable to his case had changed so dramatically: *Carachuri* squarely addressed itself to the immigration context and turned on whether the proscribed conduct of an individual's state offense could, hypothetically, have been punished as a federal felony. *Simmons* treated the question of whether North Carolina state criminal convictions were "punishable by a

7

term of imprisonment exceeding one year" under existing *state* law. *Carachuri* looked to the underlying conduct and compared it to existing federal crimes. *Simmons*, by contrast, looked at the state *conviction* and determined whether a given crime was "punishable by a term of imprisonment exceeding one year."

The significant differences between these two cases was recognized by the court of appeals itself. The initial reviewing panel, on remand from the Supreme Court, held that "*Carachuri-Rosendo* is inapplicable to our present inquiry...[because] the plain language of the immigration statute interpreted by the Supreme Court in that case differs in critical respects from the statute at issue in the criminal proceeding before us. Whatever the impact of *Carachuri-Rosendo* in other settings, it does not compel a different view of the plain language of § 802(44)." *Simmons*, 635 F.3d at 145 ("Panel II"). The Fourth Circuit panel distinguished *Carachuri*'s inquiry as "defendant-specific" and its inquiry in *Simmons* as "offense-specific" because Simmons' case did not require a "hypothetical" inquiry into whether a state court prosecutor could have charged Simmons differently. *Id.* It was only six months later, sitting en banc, that the Fourth Circuit interpreted the old *Harp* rule to require consideration of "hypothetical aggravating factors" to calculate an individual's maximum punishment. *Simmons*, 649 F.3d at 244. It was only then that the Fourth Circuit held that *Harp* must be overturned.

To put it simply, any § 2255 petitions filed after *Carachuri* and before the en banc decision in *Simmons* would have been denied, as the district court would have been bound by controlling Fourth Circuit precedent in *Harp*. It would be absurd to require a § 2255 petitioner to have forecasted the ultimate effect of *Carachuri* on Fourth Circuit interpretations of North Carolina state criminal convictions.

8

Understanding that the clear and unambiguous law of this circuit, until August 17, 2011, dictated that *Harp* was controlling law, this Court holds that equitable tolling is warranted in this exceptional circumstance.

### C. This Holding Is Consistent With the Principle Announced in *Dodd v. United States*

In *Dodd v. United States*, the Supreme Court held that the date from which the period of limitations under § 2255(f)(3) begins to run is the date on which the right is initially recognized by the Supreme Court, not the date on which the right is made retroactive. *Dodd*, 545 U.S. at 353, 354-55. Here, Petitioner does not seek the benefit of a later date merely out of a claim that he was unaware whether *Carachuri* would be retroactive on collateral review. Rather, he seeks the benefit of the date of the en banc decision in *United States v. Simmons* because it was not until that date that the Fourth Circuit determined the meaning of *Carachuri* for those convicted of North Carolina state crimes.

Following *Dodd*, the operative date for statute of limitations period purposes is the date of decision of *Carachuri*--June 14, 2010. However, this date must be equitably tolled until August 17, 2011, to account for the dramatic shift in controlling circuit precedent. Because Petitioner filed his § 2255 petition within a reasonable period after the *Simmons* en banc decision, the Court holds that it was timely filed.

### III. Petitioner Did Not Waive His Right to File This Motion Because His Challenge Falls Outside the Scope of the Waiver

In his Rule 11 colloquy on February 11, 2010, Petitioner confirmed to this Court that he entered his plea agreement freely and voluntarily. Although a criminal defendant may waive his right to attack his conviction and sentence collaterally, *United States v. Lemaster*, 403 F.3d 216

9

(4th Cir. 2005), the Fourth Circuit has held that proceedings that affect constitutional rights and fundamental fairness fall outside the scope of such waivers. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (sentence imposed in excess of maximum provided by statute or based on constitutionally impermissible factor like race falls outside the scope of an appeal waiver); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (challenges to the validity of sentences fall outside the scope of an appeal waiver where the challenge involves a claim that the sentence was illegal). This class of claims includes errors that the defendant "could not have reasonably contemplated" at the time of the plea agreement. *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005). Whether a defendant was properly classified as a career offender in light of *Simmons* is such a claim–and is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *United States v. Yancey*, No. 11-4792, 2012 WL 313752, at *1 (Feb. 2, 2012) (unpublished).

## IV. In Light of *Simmons*, Petitioner is No Longer a Career Offender

The two convictions providing the basis for Petitioner's career offender status, located at ¶¶ 9 and 10 of Petitioner's presentence report, were class H felonies and Petitioner had prior record levels of II and III respectively. One further conviction, appearing at ¶ 14 of Petitioner's presentence report, reflects a Class I felony and a prior record level of III. Because the sentencing judges did not make any written findings and imposed punishments within the presumptive range, Petitioner was not convicted of crimes punishable by a term of imprisonment exceeding one year. Accordingly, after *Simmons*, Petitioner is no longer a career offender.[2]

---

[2]The Court notes that the government does not argue that Petitioner would remain a career offender in light of *Simmons*, only that the holding in *Simmons* should not be applied to Petitioner for the reasons discussed above.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. Petitioner Gary Dean Mathis' sentence in this matter is VACATED and this matter will be set for RESENTENCING by separate notice.

SO ORDERED, this ___5___ day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11